Cranch, G. J.,
delivered the opinion of the Court.
If the arbitrators promised the complainant that they would not proceed to make an award, and did afterwards proceed to make an award without notice to the complainant; such an award 'was obtained by malpractice in the arbitrators, and the *54 court of law might have set it aside. ■ No sufficient reason is shown in the bill why the complainant did not apply to that court to do so. He suggests as a reason, that he could not prove the promise, except by the arbitrators themselves. But their testimony was as easily obtained in a court of law as in a court of equity.
No principle is better settled than that, if a party has a full remedy at law, he has none in equity.
In the case of Young v. Walter, 9 Ves. 364, the point, decided was, that if the parties refer to a person to decide all matters in difference according to law, and he means to decide according to law, and mistakes, the court will set that right; but if a distinct question of law, and nothing else, is referred, and the parties choose to say they will not take the decision of the court, but will take whatever an arbitrator shall say is the law between them, why may they not so agree ?
But in Featherstone v. Cooper, 9 Ves. 67, where the objections to the award were within the jurisdiction of the court of law in which the referencé was made, the Lord Chancellor said,— “ An application might have been made to the Court of King’s Bench at any time for the reasons in the bill; for there is no reason in the bill upon which the jurisdiction of that court (call it legal or equitable) would not as much attach as the jurisdiction of this court.” “ But it is material whether the case is brought here upon those grounds, the discussion of which is peculiar to courts of equity, or additional to those which might have been stated to the court of law. Without saying this jurisdiction is shut out, the circumstance of not applying to the court of law is a fair ground for this court to deal less actively for a person who could have relieved himself at law, than where the bill brings forward additional grounds, or grounds peculiar to this court.”
The bill states that the award was made by the arbitrators, “ under a mistaken impression of the facts as well as the law,” but does not set forth in what particulars; so that the Court cannot see whether those facts, or that law, mistaken by the arbitrators, were material to the cause. Before the court of equity will stay the judgment at law, it must see clearly that the complainant has equity on his side. This allegation being the only one in the bill which would afford a ground of relief peculiar to a court of equity, and not being stated with so much certainty as to enable the Court to see that the mistake was material, the Court must dissolve the injunction.
Injunction dissolved, March 28,1827.